**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

W. W. MCDONALD LAND CO., et al.,

                Plaintiffs,

v.                                  CIVIL ACTION NO.  2:11-cv-00418

EQT PRODUCTION COMPANY, et al.,

                Defendants.


**MEMORANDUM OPINION & ORDER**

Pending before the court is the plaintiffs' Motion to Compel EQT Production Company to Answer Plaintiffs' Second Set of Interrogatories and Requests for Production of Documents ("Motion to Compel") [Docket 77], filed February 13, 2013. The defendant EQT Production Company filed its Response [Docket 78], to which the plaintiffs filed a Reply [Docket 79]. The motion is now ripe for review. For the reasons set forth below, the Motion to Compel is **DENIED**.

### I.     *Factual Background*

The plaintiffs in this case are landowners who leased rights to the defendants—a group of EQT sister companies—to develop and produce natural gas on land owned by the plaintiffs in Logan County and Mingo County, West Virginia. According to the plaintiffs, 18 leases exist between the plaintiffs and the defendants, giving the defendants the right to operate 187 active wells to produce gas. The leasehold estates owned by the defendants obligated them "to produce, market and account for the oil and/or gas which the EQT Defendants removed from Plaintiffs'

1

real property and to pay to Plaintiffs all rents, royalties and other monies due them." (Amended

Complaint [Docket 34], at 7). The plaintiffs allege that the defendants underpaid royalties due to

the plaintiffs under the terms of the lease, and assert several tort claims based on the alleged

underpayment:

> (1) a claim for an accounting; (2) a breach of contract claim against the EQT
> Defendants for the wrongful monetary and volumetric deductions from royalties,
> the underpayment of royalty, and the failure to properly and honestly account for
> royalties, all in violation of eighteen oil and gas leases under which the EQT
> Defendants develop and sell natural gas from property owned by Plaintiffs; (3) a
> claim for breach of fiduciary duties and responsibilities that the EQT Defendants
> owe to Plaintiffs as oil and gas lessee; (4) a claim for the EQT Defendants'
> intentional, malicious, willful, wanton, reckless and fraudulent misconduct in
> denying Plaintiffs the proper royalty due on the full value of the natural gas that
> the EQT Defendants produced and sold from Plaintiffs' property; (5) a claim for
> negligent misrepresentation/concealment relating to royalty statements produced
> by the EQT Defendants; (6) a claim for civil conspiracy/joint venture against the
> EQT Defendants; (7) a claim for aiding and abetting a tort against the EQT
> Defendants; and (8) a claim for punitive damages against the EQT Defendants.

(*Id*. at 2). This court has jurisdiction through the parties' diversity of citizenship, pursuant to 28

U.S.C. § 1332(a).

The plaintiffs' Motion to Compel arises from a discovery request sent to one EQT

defendant in particular, the EQT Production Company (hereinafter "the defendant"). The

plaintiffs served their "Second Set of Interrogatories and Requests for Production of Documents

to EQT Production Company" (hereinafter "Discovery Request") on the defendant on October 8,

2012. (*See* Discovery Request [Docket 77-1]). At issue in this motion to compel are two specific

requests made in the Discovery Request:

> [Interrogatory No.] 2.  Identify the person(s) by name and employer that made the
> decision to make the monetary and/or volumetric deductions from plaintiffs'
> royalty payment and describe how each deduction is calculated.
>
> [Request for Production No.] 5. From 1995 to present, produce any and all
> documents that constitute, explain, describe or in any way relate or pertain to
> communications regarding the decision to and/or the manner in which to charge

fees associated with the transportation and gathering of natural gas in West Virginia, including, but not limited to, any and all notes, journals, correspondence, e-mails, calendars, memoranda, photographs, computer files, video or audio recordings and/or pictures.

(*Id.* at 6, 9). In response, the defendant supplied the plaintiffs with certain documents and information, but also objected to Interrogatory No. 2 and Request for Production No. 5 on several grounds, including that they seek information that is protected by the attorney-client privilege and/or work product doctrine. (*See* Responses to Discovery Request [Docket 78-1], at 4, 15). The defendant filed a privilege log asserting that the answer to either discovery request requires disclosure of the oral advice or written work product of legal counsel.

The plaintiffs took issue with the defendant's responses, and filed this Motion to Compel. The plaintiffs have never claimed that the information requested is not covered by the attorney-client privilege or the work product doctrine. Rather, the plaintiffs claim that the defendant waived its right to assert such privileges because the defendant invoked the "advice of counsel" as a defense to the plaintiffs' allegations in a letter dated January 29, 2013. According to the plaintiffs, this letter put the substance of the advice at issue in the case and waived the discovery privileges. For the reasons described below, the court **FINDS** that the defendant did not invoke the advice of counsel as a defense and did not waive its right to assert the discovery privileges. Accordingly, the Motion to Compel is **DENIED**.

### II.     *Legal Standards and Analysis*

#### A.     *Rule 37 of the Federal Rules of Civil Procedure*

Rules relating to motions to compel are set out in Rule 37 of the Federal Rules of Civil Procedure. "On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure

or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). In this case, both parties agree that an effort was made to resolve the discovery dispute before the motion was filed. The parties met in person and corresponded about a resolution, which led the defendant to send the January 29, 2013 letter that has become the basis for the plaintiffs' argument regarding waiver of privilege. The plaintiffs have also complied with Rule 37(a)(2)'s requirement that the motion be made "in the court where the action is pending." Finally, Rule 37(a)(3)(B)(iii) authorizes the type of motion to compel filed by the plaintiffs—a motion to compel a discovery response to an interrogatory. Thus, the court **FINDS** that the motion was properly filed according to Rule 37 of the Federal Rules of Civil Procedure. Rule 37 also includes provisions requiring the court to take certain actions relating to payment of expenses following the disposition of a motion to compel—this issue will be handled at the end of this opinion.

### B.    *"Advice of Counsel" Waiver of Privileges*

The advice of counsel exception to the evidentiary privileges is well-settled law. "A party may waive the attorney-client privilege by asserting claims or defenses that put his or her attorney's advice in issue." Syllabus Point 8, *State ex rel. U.S. Fidelity & Guar. Co. v. Canady*, 460 S.E.2d 677 (W. Va. 1995). "Invoking reliance on the advice of counsel defense constitutes a waiver of the work-product doctrine." *Nicholas v. Bituminous Cas. Corp.*, 235 F.R.D. 325, 333 (N.D. W. Va. 2006).

The idea behind this exception is that parties cannot be allowed to use the attorney-client privilege as both a shield and a sword, on the one hand stating that the information is protected from discovery because it is a communication from an attorney while on the other hand asserting a claim or defense based on the same information communicated by an attorney. In this case, the

plaintiffs claim that the defendant asserts that it cannot be held liable for underpaying royalties because the payment system was the attorneys' idea, while at the same time the defendant asserts that it does not have to turn over the information communicated by the attorneys to implement the payment system because it is protected by the evidentiary privileges.

If the defendant actually asserted that it cannot be held liable because it was acting on the advice of counsel, the court would agree with the plaintiffs that the evidentiary privileges had been waived by that assertion. But the defendant has never claimed that its defense to the underlying tort allegations is that it was acting on the advice of an attorney. "Let it be clear, **EQT has not asserted, nor does it plan to assert, the advice of counsel defense in this case.**" (Def.'s Resp. to Pl.'s Mot. to Compel [Docket 78], at 3) (emphasis original). Instead, the defendant has stated all along that the decision to deduct royalties in the manner in which they were deducted was the defendant's choice, made after conferring with legal counsel and inspecting the leases that control the defendant's leasehold estates. Indeed, in the defendant's Answer [Docket 48] to the complaint, the defendant makes no mention of an affirmative defense to charges of underpayment that it was an attorney's idea to pay the landowners less than what they were allegedly owed. Rather, the answer states that "EQT relies upon the language set forth in the applicable leases." (Answer [Docket 48], at 16).

The plaintiffs' claim that the defendant is asserting an "advice of counsel" defense is based exclusively on a letter the defendant sent to the plaintiffs on January 29, 2013. The letter was part of the parties' attempts to resolve the discovery dispute before seeking court action through a motion to compel. In the letter, the defendant attempted to provide more thorough responses to the discovery requests in hopes of satisfying the discovery demand. The defendant wrote:

> EQT Production Company made the determination to take deductions based upon the language of certain lease types after receiving numerous legal opinions from various counsel and therefore, such information is protected by the attorney-client and/or work product privilege.
>
> . . .
>
> However, if you are seeking something more specific, such as how the decision to take deductions was made, I remind you that such decision was made at the direction of counsel for EQT Production Company.

Those sentences comprise the entirety of plaintiffs' evidence that the defendant is asserting "advice of counsel" as both a shield and a sword. This is not a very persuasive argument, primarily because the letter itself supports the defendant's contention. The first sentence states again that the defendant itself made the deduction decisions based upon the lease language and legal opinions received. The second sentence is the only mention in the record of this case that seems to assign decision-making power to the attorneys hired by the defendant. In the words of the defendant, however, the purpose of the letter was simply to disclose, as part of discovery, that the legal opinions which contributed to the formulation of the deduction system existed. It was not meant to assert defenses or fundamentally change the nature of the lawsuit. Given that the defense of "advice of counsel" has not been raised anywhere in the pleadings or in any other documents, the court is not convinced that the defendant has put the legal opinions at issue, thereby waiving the evidentiary privileges. "[A]dvice is not in issue merely because it is relevant, and it does not come in issue merely because it may have some affect [sic] on a client's state of mind. Rather, it becomes an issue where a client takes affirmative action to assert a defense and attempts to prove that defense by disclosing or describing an attorney's communication." *Canady*, 194 W. Va. at 442 (citations omitted).

The court **FINDS** that the defendant has not waived the "advice of counsel" defense, and has not waived the protections of the attorney-client privilege or work product doctrine. To the

extent that there are any remaining documents or pieces of information that are responsive to the discovery requests but do not fall under the evidentiary privileges (i.e. they are not communications between attorney and client or mental impressions made by attorneys), the defendant is of course required to comply with the normal rules of discovery. Otherwise, those evidentiary privileges still protect the information that the defendant has refused to turn over to the plaintiffs. Accordingly, the Motion to Compel is **DENIED**.

> D.    *Rule 37's Payment of Expenses Provision*

Rule 37(a)(5)(B) of the Federal Rules of Civil Procedure states:

> If the motion [to compel] is denied, the court may issue any protective order authorized under Rule 26(c) and must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(B). As explained above, the Motion to Compel was based exclusively on the claim that the defendant had asserted an "advice of counsel" defense. Nowhere in any pleading was such a defense asserted, and only in a single instance was any decision-making ascribed to attorneys. In other words, there was no substantial justification for a motion to compel the disclosure of information that is inarguably covered by the attorney-client privilege or work product doctrine. As such, the court **ORDERS** the plaintiffs to show cause why they should not be required to pay the defendant's reasonable expenses pursuant to Rule 37(a)(5)(B). The plaintiffs will file a brief by April 26, 2013. The defendant will have until May 10, 2013 to respond, and the plaintiffs will have until May 17, 2013 to reply. The plaintiffs' failure to comply with these deadlines will result in the court ordering the plaintiffs to pay the defendant's

reasonable expenses after those expenses are calculated.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER:  March 27, 2013

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE