IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

**W.W. MCDONALD LAND, CO., et al.**

    **Plaintiffs,**

v.                                              Case No.: 2:11-cv-0418

**EQT PRODUCTION COMPANY, et al.,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

On May 15, 2013, the parties appeared by telephone for an expedited hearing on Defendants' Motion for Protective Order. (ECF No. 86). In the motion, Defendants seek an order quashing a notice for a Rule 30(b)(6) deposition scheduled to take place on May 16, 2013. In the alternative, Defendants request that the Court limit the subject matter of the deposition and find that only one Defendant, EQT Production Company, is obligated to designate and present a Rule 30(b)(6) witness. In view of the date of the deposition, the Court proceeded with the hearing although Plaintiffs had not yet responded to the motion.[1] Notwithstanding the lack of a written memorandum, Plaintiffs were given ample opportunity to respond to the motion by oral argument, and their position was clear. Having considered the motion and the arguments of counsel, the Court **DENIES** Defendants' motion to quash or limit the subject matter of the deposition, but **GRANTS** its motion to restrict the applicability of the notice to one Defendant, EQT Production Company.

---

[1] During the hearing, the undersigned learned that the deposition had been rescheduled to June 11, 2013.

## I. <u>Relevant History</u>

Plaintiffs are landowners who leased rights to the Defendants to develop and produce natural gas on property located in Logan County and Mingo County, West Virginia. Plaintiffs claim that they are entitled to royalty payments under the leases, which the Defendants have intentionally underpaid. In their Complaint, Plaintiffs allege fraud; negligent misrepresentation or concealment related to royalty statements; breach of contract; civil conspiracy; aiding and abetting a tort; breach of a fiduciary duty, punitive damages; and request an accounting.

In the course of discovery, Plaintiffs filed a motion to compel responses to a request for production of documents and an interrogatory to which Defendants had asserted the attorney-client privilege and work product doctrine. Plaintiffs argued that Defendants had waived any privilege or protection attached to the requested information because they had invoked the "advice of counsel" as a defense. On March 27, 2013, this Court entered an order denying Plaintiffs' motion to compel, finding that Defendants had not asserted an advice of counsel defense and, thus, had not waived the attorney-client privilege or work product protection. The following day, Plaintiffs filed a notice of Rule 30(b)(6) deposition that listed five topics of inquiry, largely involving Defendants' analysis of the leases and Defendants' decision to take deductions from the royalties.

Defendants object to the topics of inquiry contained in Plaintiffs' notice, arguing that Plaintiffs are seeking the same privileged information previously protected by the Court. According to Defendants, Plaintiffs are simply attempting to circumvent the Court's prior order with the Rule 30(b)(6) deposition. Defendants claim that the deposition will serve no purpose, as Defendants will not be able to provide the privileged

information, and will result in unnecessary expense and burden to Defendants as they will be forced to prepare for and attend the deposition.

In response, Plaintiffs argue that the purpose of the deposition is not to discover the communications or advice of counsel, but is intended to investigate the actions and decisions of Defendants' in relation to taking monetary and volumetric deductions from Plaintiffs' royalties. According to Plaintiff, Defendants claim that they took the deductions based upon their review and interpretation of the leasehold agreements, rather than on the advice of counsel. Consequently, Defendants' interpretation of the leases and decisions in regard to the deductions are critical to establishing the claims of fraud, misrepresentation, breach of fiduciary duty and similar intentional torts.

## II. Discussion

Federal Rule of Civil Procedure 26(c)(1) allows a court, for good cause shown, to issue an order prohibiting discovery when necessary to protect a party or person "from annoyance, embarrassment, oppression, or undue burden or expense." Nonetheless, motions that seek to preclude the taking of a deposition are regarded with disfavor. *Minter v. Wells Fargo Bank, N.A.,* 258 F.R.D. 118, 125 (D.Md. 2009) (citing *Static Control Components, Inc. v. Darkprint Imaging,* 201 F.R.D. 431, 434 (M.D.N.C. 2001) ("protective orders which totally prohibit a deposition should rarely be granted absent extraordinary circumstances")). The "good cause" standard to justify prohibition of a deposition is high, and orders providing such relief "should be sparingly used and cautiously granted." *Medlin v. Andrew,* 113 F.R.D. 650, 652-53 (M.D.N.C. 1987) ("It is very unusual for a court to prohibit the taking of a deposition altogether and absent extraordinary circumstances, such an order would likely be in error") (quoting *Salter v. Upjohn Co.,* 593 F.2d 649, 651 (5th Cir. 1979). The duty to demonstrate good cause rests

with the party seeking to prevent the discovery. *Webb v. Green Tree Servicing, LLC,* 283 F.R.D. 276 (D.Md. 2012) (citing *Minter,* 258 F.R.D. at 124).

The Court has considered the topics of inquiry contained in the notice of Rule 30(b)(6) deposition filed by Plaintiffs. Indeed, the topics are likely to touch on matters that are privileged. On the other hand, there conceivably are questions pertinent to these topics that will not require invasion into attorney-client communications or work product. Without having all of the Plaintiffs' questions written out and tendered to the Court, there is no possible way for the Court to rule on their propriety in advance of the deposition. Consequently, the Court declines to quash the notice of deposition. *See Collier v. BrightPoint, Inc.,* Case No. 1:12-cv-1016-TWP-DKL, 2013 WL 652448, at *3 (S.D.Ind. Feb. 21, 2013); *Cooper v. Old Dominion Freight Line, Inc.,* Case No. 09-cv-2441 JAR, 2011 WL 124567, at *6 (D.Kan., Jan. 14, 2011); *Draper v. University of Tennessee,* Case No. 1:08-cv-01125-JBD, 2010 WL 5634364, at *2 (W.D.Tenn. Apr. 13, 2010) (the claim of attorney-client privilege or work product doctrine cannot be a blanket claim; it "must be made and sustained on a question-by-question or document-by-document basis") (quoting *United States v. Lawless,* 709 F.2d 485, 487 (7th Cir.1983)).

Likewise, the Court is not inclined to rewrite Plaintiffs' topics of inquiry. The subject matter outlined in the notice is clearly relevant to Plaintiffs' claims. Defendants will no doubt have to assert the attorney-client privilege or work product protection to discreet questions as they arise in the deposition. However, the Court does not find this task to be overly burdensome, oppressive, annoying or embarrassing to the Defendants. Further, Plaintiffs are fully aware of the Court's ruling on the waiver of privilege and are obliged to conduct the deposition in a manner that respects the Court's order.

Accordingly, Defendants' motion to quash or refine the notice of deposition is **DENIED**.

In regard to Defendants' request that the notice be limited to Defendant, EQT Production Company, the Court **GRANTS** the motion. Defendants represent to Plaintiffs and the Court that EQT Production Company alone is responsible for the deductions taken from the royalties and, therefore, is the Defendant with knowledge of the issues surrounding the deductions. Based upon this representation, the Court agrees that it would be overly burdensome to require the remaining Defendants to produce corporate representatives who are unable to address the issues outlined in the notice of deposition.

The Clerk is instructed to provide a copy of this Order to counsel of record and any unrepresented party.

**ENTERED:** May 16, 2013.

_____
Cheryl A. Eifert
United States Magistrate Judge