IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

**W.W. MCDONALD LAND, CO., et al.**

  **Plaintiffs,**

v.            Case No.: 2:11-cv-0418

**EQT PRODUCTION COMPANY, et al.,**

  **Defendants.**

### MEMORANDUM ORDER AND OPINION

  Pending before the Court is Plaintiffs' Motion for Leave to Serve Additional Interrogatories. (ECF No. 100). Defendants have filed a response in opposition to the motion, and Plaintiffs have replied. (ECF Nos. 111, 112). For the reasons that follow, the Court **DENIES** Plaintiffs' motion.

  Fed.R.Civ.P. 33(a) limits parties to no more than 25 written interrogatories, including all discrete subparts, unless otherwise stipulated or ordered by the court. The purpose of this limitation is to "provide judicial scrutiny before parties make potentially excessive use of this discovery device." Fed.R.Civ.P. 33(a), Advisory Committee Notes, 1983 Amendments. When a party seeks leave to serve additional interrogatories, "the issue [frequently] becomes whether the requesting party has adequately shown that the benefits of additional interrogatories outweigh the burden to the opposing party." *Chiropractic Assoc. v. Trigon Healthcare, Inc.,* No. 1:00CV00113, 2002 WL 534459, at *4 (W.D.Va. Mar. 18, 2002).

Here, the parties initially disagree about the number of interrogatories filed by Plaintiffs in their first two sets of discovery requests. Plaintiffs contend that they filed a total of twenty-two (22) interrogatories in their first and second set of interrogatories. Therefore, they are entitled to answers to the first three interrogatories in the third set of discovery and ask leave to serve the remaining five interrogatories. To the contrary, Defendants argue that Plaintiffs served at least twenty-five interrogatories in their first and second set of discovery when counting all discrete subparts of the requests. Accordingly, they are entitled to no more.

Rule 33(a) instructs the court to count "all discrete subparts" as a separate interrogatory when determining the twenty-five permitted. The Rule does not define "discrete," and courts have found the definition a hard one to nail down. *See e.g. Banks v. Office of Senate Sergeant-at-Arms,* 222 F.R.D. 7, 10 (D.D.C., 2004) ("While a draconian approach would be to view each participial phrase as a subpart, the courts have instead attempted to formulate more conceptual approaches, asking whether one question is subsumed and related to another or whether each question can stand alone and be answered irrespective of the answer to the others. *Kendall v. GES Exposition Services,* 174 F.R.D. 684 (D.Nev. 1997). But, as another court has stated, this is anything but a bright-line test. *Safeco of America v. Rawstron,* 181 F.R.D. 441, 445 (C.D.Cal. 1998). It may also beg the question presented.").

Having reviewed Plaintiffs' first two sets of discovery requests, the undersigned agrees with Defendants that these sets contain at least twenty-five interrogatories when counting all of the discrete subparts. Consequently, the Court must consider whether the benefits of the proposed additional discovery outweigh the burden to the Defendants of responding to it. In performing this analysis, the Court must consider the parties'

positions regarding discovery limitations as set forth in the Rule 26(f) report. (ECF No. 62). As reflected in the report, the parties agreed to be bound by the discovery limits outlined in the Federal Rules of Civil Procedure. They also agreed that the case was not complex and did not require any special case management procedures. (*Id.* at 3).

Plaintiffs now argue that the matter is "complex" after all, requiring them to file an amended complaint, add five additional defendants, and conduct "extensive discovery." (ECF No. 112 at 2). However, Plaintiffs fail to acknowledge that the discovery limitations included in the Rule 26(f) report were negotiated four months *after* Plaintiffs amended the complaint and added the additional defendants. Indeed, given the amendment and additional defendants, the Court vacated its first Scheduling Order to allow the parties a second Rule 26(f) conference. Accordingly, this argument is not persuasive.

Plaintiffs' second argument is that the additional interrogatories should be permitted because Defendants' 30(b)(6) witness did not fully cooperate at his deposition. According to Plaintiffs, they asked the witness essentially the same questions posed in the interrogatories, but the witness would not answer the questions. The portion of the deposition transcript supplied by Plaintiffs, however, does not establish the accuracy of this argument. Instead, the transcript indicates that Defendants' counsel objected to the questions on the grounds that they went beyond the Rule 30(b)(6) notice of deposition and sought irrelevant information regarding other leases not the subject of the complaint. Therefore, lack of cooperation was not really the problem; instead, Defendants had substantive objections to the questions.

Because the proposed interrogatories seek the same information sought in requests for production of documents that currently are before the Court on a motion to compel, the undersigned sees no particular benefit in allowing Plaintiffs to renege on

3

their earlier agreement regarding the limit of permissible interrogatories. Put another way, in resolving the motion to compel, the undersigned will determine the appropriateness of Defendants' relevancy objection. If the information is deemed relevant, then Plaintiff will obtain the answers to their interrogatories through the documents produced by Defendants, and there is no need to file additional interrogatories. On the other hand, if Defendants' relevancy objection has merit, Plaintiffs would not be entitled to receive answers to the proposed interrogatories. Either way, a ruling on the motion to compel the documents will resolve the issues raised in Plaintiffs' second argument.

Wherefore, for the forgoing reasons, the undersigned finds no good cause for granting Plaintiffs leave to file additional interrogatories. It is so **ORDERED**.

The Clerk is directed to provide a copy of this Order to counsel of record and any unrepresented party.

**ENTERED:** August 26, 2013.

_____
Cheryl A. Eifert
United States Magistrate Judge