IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

W. W. MCDONALD LAND CO., et al.,

        Plaintiffs,

v.                                          CIVIL ACTION NO.   2:11-cv-00418

EQT PRODUCTION COMPANY, et al.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

Before the court is the Defendants' Joint Motion for Reconsideration [Docket 224]. For the reasons stated below, the motion is **DENIED**.

**I. Background**

This case arises out of a dispute over royalty payments related to fourteen oil and gas well leases. The plaintiffs are owners of land subject to those leases. The plaintiffs contend that *Estate of Tawney v. Columbia Natural Resources, LLC*, 633 S.E.2d 22 (W. Va. 2006), prohibits the defendants from deducting "post-production" costs from royalty payments.

On November 21, 2013, I held that "[u]nless a lease provides otherwise, lessees must deliver the gas to the market, in a marketable condition, free of all costs of production. The costs of production include any 'post-production' costs incurred to market the gas." *W.W. McDonald Land Co. v. EQT Prod. Co.*, —F. Supp. 2d—, No. 2:11-cv-00418, 2013 WL 6098497, at *10 (S.D. W. Va. Nov. 21, 2013). I further held that "*Tawney*'s heightened specificity requirements do not obligate lessees to pay royalties on lost volumes." *Id.* I then proceeded to analyze the individual

leases at issue. I determined that two of the leases, (l) and (m), permitted the defendants to deduct monetary costs, specifically "compression, desulphurization, and transportation to the extent [that those costs] were reasonable and actually incurred." *Id.* at 15. I also determined that each lease obligated the defendants to pay royalties only on the gas actually sold at market; the defendants were not obligated to pay royalties on unsold gas. *See id.* at 12-16.

At a pretrial conference on December 10, 2013, the parties explained that they sought clarification on two issues: (1) which monetary expenses the defendants may deduct under leases (l) and (m); and (2) whether the defendants must pay royalties on gas used as fuel to run pipeline compressors ("fuel gas"). The parties were directed to submit briefing on each of these issues, which they did on January 10, 2014. After considering the parties' briefs, I entered a Clarification of Memorandum Opinion and Order on January 21, 2014 [Docket 223]. I held that certain monetary costs identified by the plaintiffs could not be deducted under leases (l) and (m) either because they were not related to compressing, desulphurization, or transportation; or because they were not identified with sufficient particularity. I also held that the plaintiffs were not entitled to royalties for fuel gas.

In the instant motion, the defendants ask me to reconsider my holding regarding monetary deductions under leases (l) and (m). The defendants argue that they did not have an opportunity to brief this issue. The defendants contend that it was their "understanding of the Court's instruction at [the December 10, 2013 pretrial conference] that [fuel gas] was the *only* issue on which the parties should file supplemental memoranda." (Defs.' Mem. in Supp. of Mot. to Reconsider [Docket 225], at 2). The defendants ask that they be given an opportunity to brief whether the monetary costs identified by the plaintiffs may be deducted under leases (l) and (m). The defendants further maintain that "whether the amounts and types of expenses charged for

gathering rates were associated with the costs of compression, desulphurization and/or transportation and whether these charges were actual and reasonable are fact questions to be decided at trial." (*Id.* at 3).

## II. Legal Standard for Reconsideration

Federal Rule of Civil Procedure 54(b) provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). "Notwithstanding that precept, it is improper to file a motion for reconsideration simply to ask the Court to rethink what the Court had already thought through—rightly or wrongly." *In re: C.R. Bard, Inc.*, 948 F. Supp. 2d 589, 649 (S.D. W. Va. 2013).

Although a "motion for reconsideration under Rule 54(b) is not subject to the strictures of a Rule 60(b) motion," this district has been "guided by the general principles of Rules 59(e) and 60(b)" in determining whether a Rule 54(b) motion should be granted. *Shrewsbury v. Cyprus Kanawha Corp.*, 183 F.R.D. 492, 493 (S.D. W. Va. 1998) (Haden, J.). The Fourth Circuit has recognized three grounds for amending a judgment: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998). Motions to reconsider "may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." *Id.* Finally, "reconsideration of a judgment after its entry is an extraordinary remedy which should be used

sparingly." *Id.* (quoting 11 Charles Alan Wright and Arthur R. Miller, *Federal Practice and Procedure* § 2810.1, at 124 (3d ed. 2012)).

### III. Analysis

First, the defendants incorrectly maintain that they were deprived of an opportunity to brief monetary deductions under leases (l) and (m). At the pretrial hearing, two issues were discussed: whether royalties are payable for fuel gas, and what monetary deductions are permissible under leases (l) and (m). I directed the parties to submit simultaneous briefs on these issues by January 10, 2014. The plaintiffs followed this instruction and briefed both issues. The defendants briefed only the fuel gas issue. Therefore, the defendants waived their opportunity to brief monetary deductions under leases (l) and (m). [1]

Second, the defendants have not pointed to circumstances warranting reconsideration. The defendants merely ask that they be given an opportunity to submit briefing. The defendants do not point to an intervening change in controlling law, new evidence, clear error, or manifest injustice. At most, the defendants argue that my clarification order resolved factual issues that should go to the jury. That is incorrect. "It is the province of the court, and not of the jury, to interpret a written contract." Syl. Pt. 9, *Estate of Tawney v. Columbia Natural Res., LLC*, 633 S.E.2d 22, 24 (W. Va. 2006) (quotation marks omitted). My clarification order simply interpreted leases (l) and (m) and found that deductions for "meals and entertainment, uniforms, meter operations and repair, and personal property taxes are not costs of compression, desulphurization, or transportation." (Clarification of Mem. Op. & Order [Docket 223], at 3). I further found that "personnel costs,

---

[1] The defendants correctly note that parties generally have fourteen days to respond to a motion. *See* Local Rule 7.1. I entered my clarification order only eleven days after the plaintiffs filed their motion for clarification. Therefore, the defendants believe they were not afforded an opportunity to respond to the plaintiffs' arguments with respect to leases (l) and (m). However, Local Rule 7.1's basic briefing schedule may be modified by the court. *See* Local Rule 7.1(a)(7). At the pretrial conference, I directed both parties to submit briefs by January 10, 2014. I did not contemplate, and I did not direct, the parties to submit response briefs. The defendants did not request leave of court to respond to the plaintiffs' motion. Therefore the plaintiffs' motion was ripe for resolution on January 10, 2014.

indirect costs, production management costs, depreciation and return on capital investment, are too vague to be specifically related to compression, desulphurization, or transportation." (*Id.*). Only if these costs were deductible under the leases would it fall to the jury to determine whether they were actually incurred and reasonable. *See* Syl. Pt. 2, *Tawney*, 633 S.E.2d, at 23.

### IV. Conclusion

For the reasons stated above, the Defendants' Joint Motion for Reconsideration [Docket 224] is **DENIED**.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

        ENTER:    April 11, 2014

        _____
        JOSEPH R. GOODWIN
        UNITED STATES DISTRICT JUDGE