IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

W. W. MCDONALD LAND CO., et al.,

        Plaintiffs,

v.	CIVIL ACTION NO.   2:11-cv-00418

EQT PRODUCTION COMPANY, et al.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is Defendants' Motion to Bifurcate [Docket 156], the plaintiffs' Motion in Limine to Prevent EQT Production from Asserting the Defense of Advice of Counsel [Docket 188], the plaintiffs' Motion in Limine to Exclude the Expert Opinions of John Lowe [Docket 190], the plaintiffs' Motion in Limine to Exclude Evidence and Argument Regarding Defendants' Settlement Efforts and the *Kay* Class Action [Docket 249], and the defendants' Motion in Limine to Limit Claims for Prejudgment Interest [Docket 245]. For the reasons stated below, the Defendants' Motion to Bifurcate [Docket 156] is **DENIED**, the plaintiffs' Motion in Limine to Prevent EQT Production from Asserting the Defense of Advice of Counsel [Docket 188] is **DENIED as moot**, the plaintiffs' Motion in Limine to Exclude the Expert Opinions of John Lowe [Docket 190] is **GRANTED**, Plaintiffs' Motion in Limine to Exclude Evidence and Argument Regarding Defendants' Settlement Efforts and the *Kay* Class Action [Docket 249] is **GRANTED**, and the defendants' Motion in Limine to Limit Claims for Prejudgment Interest [Docket 245] is **DENIED**.

**I. Motion to Bifurcate**

The defendants ask that trial for this matter be bifurcated into two phases. First, a liability phase would determine whether the leases at issue permit the defendants to deduct post-production costs. Second, a damages phase would determine whether any permissible deductions were actually incurred and reasonable. *See* Syl. Pt. 2, *Estate of Tawney v. Columbia Natural Res., LLC*, 633 S.E.2d 22, 23 (W. Va. 2006); Syl. Pt. 5, *Wellman v. Energy Res., Inc.*, 557 S.E.2d 254, 256 (W. Va. 2001).

Whether to bifurcate a trial under Federal Rule of Civil Procedure 42(b) is left to the discretion of the district court. *Light v. Allstate Ins. Co.*, 182 F.R.D. 210, 212-13 (S.D. W. Va.1998) (Hallanan, J.). The issues in this case have been substantially narrowed since the defendants filed their motion to bifurcate. *See W.W. McDonald Land Co. v. EQT Prod. Co.*, 983 F. Supp. 2d 790 (S.D. W. Va. 2013). With the exception of two leases, I have resolved all issues of contractual liability in this case. Therefore, with the exception of those two leases, all that is left for trial is the issue of damages. I therefore **FIND** that bifurcation of this matter is unnecessary and the defendants' motion to bifurcate is **DENIED**.

**II. Motions in Limine**

Also pending are several motions in limine. The plaintiffs' Motion in Limine to Prevent EQT Production from Asserting the Defense of Advice of Counsel is **DENIED as moot** because counsel for the defendants conceded at a pretrial hearing that the defendants will not be asserting this defense. (*See* Tr. 12/10/2013 [Docket 234], at 12). The defendants are expected to abide by this concession.

The plaintiffs also move to exclude the opinions of John Lowe, an expert witness proffered by the defendants. Mr. Lowe opines that the instant case is "distinguishable" from the West

2

Virginia cases relevant to this litigation, including *Tawney*, 633 S.E.2d 22, *Wellman*, 557 S.E.2d 254, and *Cotiga Dev. Co. v. United Fuel Gas Co.*, 128 S.E.2d 626 (W. Va. 1962). (*See* Lowe Report [Docket 190-1], at 4-5). He states that "EQT Production's royalty-payment practice appears to me to satisfy the royalty requirements of the leases in question." (*Id.* at 5). He further opines that there is no evidence in this case suggesting that the EQT entities in this case operate as alter egos. (*See id.* at 6).

None of these opinions are helpful to the jury. *See* Fed. R. Evid. 702 (requiring that expert opinions "help the trier of fact to understand the evidence or to determine a fact in issue"). They do not assist the jury to decide the facts in issue in this case. Further, Mr. Lowe's opinions are impermissible legal conclusions. *See United States v. McIver*, 470 F.3d 550, 562 (4th Cir. 2006) ("[O]pinion testimony that states a legal standard or draws a legal conclusion by applying law to the facts is generally inadmissible."). Accordingly, the plaintiffs' motion to exclude Mr. Lowe is **GRANTED**.

Next, the defendants move in limine to limit the plaintiffs' claim for prejudgment interest. The defendants argue that the plaintiffs should not be able to recover prejudgment interest for the period preceding the settlement of a class action that the plaintiffs opted out of. That class action, *Kay Company v. Equitable Production Co.*, No. 2:06-cv-612 (S.D. W. Va.), involved the same claims that are now at issue here. The plaintiffs in this case chose to opt out of the *Kay Co.* settlement and pursue their claims separately, resulting in the instant litigation. The defendants now contend that, "[b]y foregoing the opportunity to resolve their claims pursuant to the Court ordered class settlement in *Kay Co.*, Plaintiffs have unilaterally prolonged bringing this matter to an earlier resolution. As such, equity dictates that Plaintiffs should not be permitted to seek prejudgment interest for damages . . . which predate the [*Kay Co.*] settlement . . . on April 28, 2010.

3

(*See* Mem. of Law in Supp. of Mot. in Limine to Limit Claims for Prejudgment Interest [Docket 246], at 3-4).

The defendants' motion lacks merit. Prejudgment interest is a form of compensation. *West Virginia v. United States*, 479 U.S. 305, 310 (1987). West Virginia juries may award prejudgment interest in breach of contract actions where they see fit. *See* W. Va. Code § 56-6-27; *City Nat. Bank of Charleston v. Wells*, 384 S.E.2d 374, 389 (W. Va. 1989). The plaintiffs exercised their legal right to opt out of the *Kay Co.* settlement. *See In re Serzone Prods. Liab. Litig.*, 231 F.R.D. 221, 231 (S.D. W. Va. 2005). Therefore, equity does not dictate that the plaintiffs should be precluded from recovering prejudgment interest. The defendants' motion on this issue is **DENIED**.

In relation to this motion, the plaintiffs move in limine to preclude evidence or argument of settlement discussions and the *Kay Co.* class action. This motion is **GRANTED**. Evidence of settlement discussions or negotiations is irrelevant and inadmissible. *See* Fed. R. Evid. 408; Fed. R. Evid. 402.

Finally, the Defendants' Motion in Limine to Exclude Evidence or Testimony Regarding Wells and Leases not at Issue in this Litigation is **DENIED without prejudice**. The motion essentially asks for an advisory ruling that all irrelevant evidence will be excluded. I cannot rule on this motion without knowing the particular pieces of evidence at issue and the context in which the parties seek to admit such evidence. The parties can expect that the Federal Rules of Evidence will be enforced.

### III. Conclusion

For the reasons stated above, Defendants' Motion to Bifurcate [Docket 156] is **DENIED**, the plaintiffs' Motion in Limine to Prevent EQT Production from Asserting the Defense of Advice of Counsel [Docket 188] is **DENIED as moot**, the plaintiffs' Motion in Limine to Exclude the

Expert Opinions of John Lowe [Docket 190] is **GRANTED**, Plaintiffs' Motion in Limine to Exclude Evidence and Argument Regarding Defendants' Settlement Efforts and the *Kay* Class Action [Docket 249] is **GRANTED**, and the defendants' Motion in Limine to Limit Claims for Prejudgment Interest [Docket 245] is **DENIED**.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: August 14, 2014

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE